In re Habeas Corpus of Hershel DRIGGS.

No. 38093.

Supreme Court of Oklahoma.

April 29, 1958.

Paul & Montgomery, Louie Gossett, Durant, for petitioner.

Ralph B. Hodges, County Atty., Durant, for respondent.

George Miller, Jr., Oklahoma City, amicus curiae.

JOHNSON, Justice.

This is an original proceeding in this Court emanating from the action of Sam Sullivan, District Judge of Bryan County, Oklahoma, wherein a proceeding denominated "a court of inquiry," cause number 20,745, was convened by him in Bryan County, Oklahoma upon the affidavit of one A. J. Shastid addressed to him and filed in the office of the Court Clerk of said county July 8, 1957.

Pursuant to this affidavit the judge caused subpoenas to issue to various persons in Bryan County, and on December 9, 1957, petitioner, in obedience to subpoena, appeared before the court, was sworn and testified in answer to various questions propounded to him, and during the course of this questioning the petitioner was asked certain questions which he refused to answer on the ground that the questions were improper and that his answer would tend to incriminate him, whereupon the court stated: "You have already admitted you sold liquor. Now, when was the last one you sold?" Upon the petitioner's refusal to answer this question, he was remanded to the county jail by the respondent with the comment, "He is not to have any visitors for awhile."

Thereafter petitioner filed his application in this Court for habeas corpus.

In his petition for habeas corpus petitioner raised numerous questions. He contends that the "court of inquiry" was an illegal and unauthorized proceeding not based upon sufficient affidavit; that no order was issued convening such court: that 21 O.S.A. § 951 and 37 O.S.A. § 83 were unconstitutional for the reason that they violated rights assured petitioner under Article II, paragraph 21, of the Constitution of the State of Oklahoma, and his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States; that he was held incommunicado for a period of time, was not advised of the exact nature of the charge against him and was not afforded a hearing before being summarily cast into jail.

The petitioner questions the validity of the proceedings in convening this court of inquiry, but in determining the issues raised herein it is unnecessary to pass upon this question. We will assume, without deciding, that the prerequisites of the provisions of 37 O.S.1951 Sec. 83, had been complied with in calling the so-called "court of inquiry," relating to the enforcement act, or the intoxicating liquor laws of Oklahoma, which section, in our opinion, is applicable to the facts in this case.

Section 83 reads as follows:

"It shall be the duty of any judge of any court of record, upon the written request of the county attorney, or upon the sworn complaint of any other person, to issue subpoenas for any witness that may have knowledge of the violation of any provision of this act, and such judge shall have the power and it shall be his duty to compel such witness to appear before him and give testimony and produce any books or papers that will aid or assist in the prosecution of such investigation and inquiry into any violation of the provisions of this act; but no person shall be prosecuted or subjected to any penalty or forfeiture for, or on

account of, any transaction, matter, or thing concerning which he may so testify or produce evidence. The testimony of each witness shall be reduced to writing by said judge, or by some person designated by him, and the same shall be signed by such witness. * * * Should any witness refuse to appear before such judge, in obedience to such subpoena, or refuse to produce any books or papers when lawfully required so to do, or having appeared, shall refuse to answer any proper question, or sign his testimony when so required, it shall be the duty of such judge to commit such person to the county jail until he shall consent to obey such order and command of said judge in the premises, and in addition thereto such person may be punished, as for contempt of court, in accordance with the Constitution and the laws of this state. * * * When it is shown upon the taking of such testimony that there is probable cause to believe that any person has violated any provision of this act, the county attorney shall immediately prepare an information charging such person with such offense and file such information in some court of competent jurisdiction. R.L.1910 § 3611; Laws 1910–11, ch. 70, p. 159, § 8."

■ The issues raised in this case require not only an examination of Sec. 83, supra, but also an examination of the 5th Amendment to the Constitution of the United States and Secs. 21 and 27, Article 2, of the Oklahoma Constitution, which sections (of the Oklahoma Constitution) are inseparably connected with each other and relate to the same subject matter, and must therefore be construed together as though they constituted but one section. Scribner v. State, 1913, 9 Okl.Cr. 465, 132 P. 933, Ann.Cas.1915B, 381.

Sec. 21, art. 2, Okl.Const., provides:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Sec. 27, art. 2, Okl.Const., provides:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the State, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the State; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence."

The rule announced in the case of Ex parte Gudenoge, 2 Okl.Cr. 110, 100 P. 39, would admittedly apply in the instant case if the provisions of Sec. 83, 37 O.S.1951, were the same as when that case was decided, but it is argued by respondent that the insufficiency or objectionable feature of the statutory provisions relating to courts of inquiry has been abridged by statute since Sec. 83, supra, was amended after that decision by the legislature inserting therein a portion of Sec. 27, art. 2, of the Okl.Const., which portion provides: "(b)ut no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence."

■ It is a maxim of law that no man is bound to criminate or accuse himself. Nemo tenetur seipsum accusare; and the provision "nor shall (any person) be compelled in any criminal case to be a witness against himself," found in the Fifth Amendment to the Constitution of the United States, is a principle of natural

justice woven into the web and woof of our form of government. In re Decker, 1 Porto Rico Federal Reports 381. Therein, it was held that a statute (Sec. 860, U.S. Comp.Stat.1901, p. 661) which provided that no evidence required of a witness in a judicial proceeding shall be used against him in any criminal proceeding, or for the enforcement of any penalty, did not and could not reach as far as this (5th Amendment) constitutional provision, and that its effect cannot be abridged by a statute. That its purpose is to prohibit the compelling of testimony of a self-criminating character from a witness, and that it means not merely that one shall not be compelled to be a witness against himself in a prosecution against himself, but that he shall not be compelled in any investigation to give evidence tending to show that he has committed a crime. That he is protected from being compelled to disclose the circumstances of his offense, or the sources from which, or the means by which, evidence of its commission or of his connection with it may be obtained or made effectual for his conviction; and that he is not deprived of his privilege of silence because there is a statute providing that such testimony shall not be used against him. Citing Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819.

In the instant case, Section 27, art. 2, of our Constitution is relied upon by respondent as a basis for the legislation involved herein (Sec. 83, 37 O.S.1951). If that be granted, then only "any person having knowledge or possession of facts that tend to establish the guilt of *any other person * * * charged with an offense against* the *laws* of *the State,* shall not be excused from giving testimony or producing evidence, when *legally called upon* so to do, on the ground that it may tend to incriminate him under the laws of the State; * * * *"*. (Emphasis supplied.) Here the petitioner refused to answer a question not tending to establish the guilt of some other person, but of himself. Ad-

mittedly, no charge or complaint was pending against any other person, which obviously is required under Sec. 27, art. 2 of our Constitution, supra, and it has been so held. Ex parte Gudenoge, supra. Therein, the petitioner refused to answer questions tending to establish the guilt of another.

Thus, a construction of art. 2, Sec. 27 of the Oklahoma Constitution has yielded the rule that unless a complaint has been made, supported by affidavit, charging a crime committed, a witness at an inquisition need not answer an incriminatory question. Ex parte Gudenoge, supra. This rule was applied, notwithstanding the statutory provisions of 21 O.S.1951 Sec. 951, and 37 O.S.1951 Sec. 83. However, in the Gudenoge case, supra, in the fifth paragraph of the syllabus it was said that "(N)o statute, which leaves a party or witness subject to prosecution after he answers the criminating question put to him, can have the effect of supplanting the privilege conferred by the Constitution. To be valid the statute must afford absolute immunity against future prosecution for the offense to which the question relates." [2 Okl.Cr. 110, 100 P. 40.] After this decision, the legislature amended the above referred to section (37 O.S.1951 Sec. 83) providing, as before, that persons may be compelled by subpoena to appear before any judge of any court of record, upon the written request of the county attorney, or upon the sworn complaint of any other person, and give testimony relative to the violation of the statutes relating to intoxicating liquors or the enforcement act, but inserted a portion of the language of Sec. 27, art. 2 of the Constitution which we have hereinbefore quoted.

This amendment to Sec. 83, 37 O.S.1951, did not and does not change the rule announced in the Gudenoge case, supra. In the Gudenoge case, supra, the Oklahoma Criminal Court of Appeals said:

"Every exercise of the power to punish a violation of a judicial order is,

however, subject to one important qualification, namely, it is absolutely essential that the court making the order should have acted directly within jurisdictional limits, otherwise the disobedience of such an order will be no contempt. In the absence of jurisdiction the judgment is a nullity, and if the punishment be by imprisonment the contemnor will be released on the hearing of a writ of habeas corpus." Citing authorities.

Following this, in the opinion, the court, speaking on the subject of jurisdiction said:

"The Constitution of the State of Oklahoma, in its Bill of Rights, § 21 (Bunn's Ed. § 30), provides that: 'No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' And section 27 (Bunn's Ed. § 36) provides: 'Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence.' Section 4, art. 3, c. 69, p. 604, Sess.Laws 1907–08 provides as follows: 'Sec. 4. It shall be the duty of any judge of the district or county court, upon a request of the county attorney, or upon the complaint of any other person, supported by affidavit, to issue subpoenas for any witnesses that may have knowledge of the violation of any of the provisions of this act, and such judge shall have power, and it shall be his duty, to compel such witnesses to appear before him and give testimony and produce any books or papers that will assist in the prosecution of any person who may be charged with violating any of the provisions of this act.' Said section further provides: 'Should any witness refuse to appear before such judge, in obedience to such subpoena, or refuse to produce any books or papers when lawfully required so to do, or having appeared, shall refuse to answer any proper questions or sign his testimony when so required, it shall be the duty of said judge to punish as for contempt in accordance with the constitution and laws of the state.'

"An imposition under the provisions of said section 4 of said enforcement act is a proceeding special in its nature, and no presumption can attach in favor of its jurisdiction; and before petitioner could be held guilty of contempt it must be shown affirmatively that a criminal case was pending in which he was sworn as a witness. It is apparent from the language of section 27 of the Bill of Rights that the immunity therein granted to persons called to testify contemplates a charge against some person or corporation with a violation of the law; and the language of said section 4 expressly requires as a condition precedent that the request of the county attorney, or the complaint of other persons, be supported by affidavit, and while it is not essential that the complaint and affidavit designate by name the person or persons charged, if not known, the complaint should so state. We believe it is a prerequisite, under the Constitution and said law, that the proceedings under said section 4 of said enforcing act should be predicated upon a complaint supported by affidavit. The relations of petitioner to the subject of inquiry before the county judge, as shown by the questions put to him and his answers thereto, in connection with the penal provisions of the prohibitory law, entitled him to invoke the protection of section 21 of the Bill of Rights, unless

section 27 of the Bill of Rights removes the protection of the constitutional privilege. Section 27 must be construed as declaring that no evidence obtained from a witness by means of a judicial proceeding shall be given in evidence, or in any manner used against him, in any criminal proceeding, or for the enforcement of any penalty or forfeiture. Similar constitutional provisions have received many interpretations in the federal and state courts, and the uniform holding has been that no statute which leaves the party or witness subject to prosecution, after he answers the criminating question put to him, can have the effect of supplanting the privilege conferred by the Constitution; however, in the view we take of this case, we do not think it necessary to review the adjudicated cases.

"It is apparent that in this case, and it is conceded by counsel for the state, that no person was charged with an offense against the laws of the state in the proceedings had before said county judge, and in the absence of this essential condition precedent, for the reasons hereinbefore stated, the witness could not be compelled to answer the question propounded. Whatever the power may be of the court or judge sitting in chambers, or whether that power be inherent or conferred by statute, to punish summarily for a contempt, persons guilty of criminal contempt, our Constitution and laws contemplate that the power shall be exercised only where the court or judge has jurisdiction of the person and the subject-matter, and without such jurisdiction the judgment is void.

"The contention that said section 4 of said enforcing act makes it mandatory upon the judge to entertain such proceedings whenever he is requested so to do by the county attorney is not well taken. It will be noticed that said section 4 seeks to make this the duty of the district judges. *The Constitution* *(section 183, Bunn's Ed.) takes from the district courts all jurisdiction, original and appellate, in misdemeanor cases, and gives jurisdiction to county courts, as follows: 'The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction.' The absurdity of this contention is apparent when we consider that said section 4 seeks to make it the duty of the judge of a district court to investigate matters outside the jurisdiction of his court on the request of a county attorney, or upon the complaint of any other person supported by affidavit. We can hardly believe that the business of district courts could be interrupted in this manner, and the said section, in so far as it relates to district judges, is apparently in conflict with the foregoing constitutional provision.* (Emphasis ours.)

"It has been deemed necessary, in order to prevent abuses of the power thus conceded, to prescribe and limit by statute the punishment to be imposed for contempts. The federal laws and laws of nearly all the states so provide. The statute of this state (section 2126, Wilson's Rev. & Ann.St.1903) is as follows: 'Punishment for contempt shall be by fine or imprisonment, or both, at the discretion of the court; but the fine in no case shall exceed fifty dollars or imprisonment a longer term than ten days in the county jail; provided, that when any person shall be imprisoned for the nonpayment of a fine he shall be discharged at the expiration of thirty days.' Thus it will be seen that the county court or judge thereof was without power or authority of law to render the judgment and issue the commitment for 60 days, as was done in this case. This statute limits the duration of the imprisonment and the amount of the fine, and

the punishment must conform to such limitation, and cannot exceed it. If there had been a criminal contempt, the judgment and sentence would still have been without authority of law."

From a consideration of the language of the constitutional provisions in the Bill of Rights referred to, and Section 83 of the so-called "enforcement act," we are clearly of the opinion that the petitioner was entitled to refuse, as he did, to answer the incriminating question. The court lacked jurisdiction in the matter, and the disobedience of such order did not constitute contempt.

For the reasons hereinbefore stated, the writ of habeas corpus is hereby allowed, and the petitioner discharged.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.